Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PICKHOLZ,<br><br>                        Plaintiff,<br><br>                  v.<br><br>TRANSPARENTBUSINESS, INC. AND ALEXANDRE KONANYKHIN,<br><br>                      Defendants. | Civil Action No.: 22-2504 (ES) (JBC)<br><br>OPINION |

SALAS, DISTRICT JUDGE

This comes before the Court on defendants Transparentbusiness, Inc. ("Transparent") and Alexandre Konanykhin's ("Defendants") motion to dismiss certain portions of Plaintiff Michael Pickholz's Amended Complaint (D.E. No. 50 ("Am. Compl.")), pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 51). Having carefully considered the parties' submissions and other relevant portions of the record, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons discussed herein, Defendants' motion is **GRANTED IN-PART AND DENIED IN-PART**.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges, generally, that Defendants terminated his employment and wrongfully deprived him of certain benefits in "blatant retaliation for raising concerns about what he reasonably believed to be financial or accounting fraud and violations of federal securities rules and/or regulations." (Am. Compl. ¶ 1). The Court provided a comprehensive discussion of the factual allegations Plaintiff set forth in his initial complaint in its February 8, 2024 Opinion

resolving Defendants' original motion to dismiss. (D.E. No. 48 ("Feb. 8, 2024 Op.") at 1–5). As the relevant factual background contained in Plaintiff's Amended Complaint is largely identical, (*see* D.E. No. 51-1, Ex. A to Declaration of Frederick B. Bolak, Esq. (a "redlined" document showing all differences between the initial complaint and Amended Complaint)), and because the Court writes primarily for the parties, it will incorporate that recitation herein by reference for the sake of efficiency. The Court will, therefore, focus this discussion on its resolution of Defendants' first motion to dismiss and how Plaintiff amended his pleading in response.

Plaintiff asserted the following six causes of action in his original complaint: (i) retaliation in violation of the Dodd-Frank Act against Defendant Transparent; (ii) retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA") against both Defendants; (iii) violation of the New Jersey Wage Law against both Defendants; (iv) violation of the New Jersey Wage Theft Act against both Defendants; (v) breach of contract against Defendant Transparent; and (vi) promissory estoppel against Defendant Transparent. (D.E. No. 1 ("Complaint" or "Compl.") ¶¶ 78-106). In resolving Defendants' first motion to dismiss, the Court dismissed Plaintiff's claims for violation of CEPA and the New Jersey Wage Theft Act *with prejudice*, along with any Dodd-Frank claims premised on adverse employment actions that allegedly occurred prior to March 10, 2019. (D.E. No. 49 at 1). The Court dismissed Plaintiff's Dodd-Frank claims based on post-March 10, 2019 actions *without prejudice*, along with Plaintiff's claims for violation of the New Jersey Wage Payment Law, as well as Plaintiff's breach of contract and promissory estoppel claims seeking recovery of his yearly salary, re-signing bonus, and discretionary bonuses and raises. (*Id.* at 1–2). Plaintiff's breach of contract and promissory estoppel claims premised on his entitlement to shares of Transparent's stock and Unicoins, a form of cryptocurrency, survived dismissal altogether. (*Id.*; *see also* Feb. 8, 2024 Op. at 18–19).

2

Plaintiff filed his Amended Complaint on March 5, 2024. (Am. Compl.). In that pleading, Plaintiff added and revised certain factual allegations and asserted causes of action for: (i) retaliation in violation of the Dodd-Frank Act against Transparent; (ii) violation of the New Jersey Wage Law against both Defendants; (iii) Breach of Contract against Transparent; and (iv) Promissory Estoppel against Transparent. (*See generally id.*). Defendants filed a motion seeking dismissal of several of those claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. No. 51; D.E. No. 52 ("Mov. Br.")),[1] and that motion is now fully briefed. (D.E. No. 56 ("Opp. Br."); D.E. No. 57 ("Reply Br.")).

## II. DISCUSSION

### A. Legal Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a Rule 12(b)(6) motion, the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). However, "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d

---

[1] Defendants do not seek dismissal of the portions of Plaintiff's breach of contract or promissory estoppel claims seeking to recover Transparent stock and Unicoins. (*See generally* Mov. Br.). As noted above, the Court denied Defendants' previous motion to dismiss with regard to those claims.

3

675, 681 (3d Cir. 2012)). The burden is on the moving party to show that the plaintiff has not stated a facially plausible cause of action. *See Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

In evaluating a plaintiff's claims, the Court considers the allegations in the complaint, as well as the documents attached to and specifically relied upon or incorporated therein. *See Sentinel Tr. Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)) (internal quotation marks omitted).

### B. Dodd-Frank Retaliation Claim

#### i. Relevant Legal Standards and the Impact of the Court's Decision on Defendants' First Motion to Dismiss

As this Court noted when resolving Defendants' original motion to dismiss, a plaintiff asserting a Dodd-Frank retaliation claim "must demonstrate that he suffered an adverse employment action after he made a report to the [Securities Exchange Commission ("SEC")] based on a 'reasonable belief that the information [he provided] relates to a possible securities law violation.'" (Feb. 8, 2024 Op. at 7–8 (quoting *Digital Realty Trust, Inc., v. Somers*, 138 S. Ct. 767, 775 (2018))). Distilling the relevant case law, the Court further explained that "though a plaintiff need not prove an actual violation of the federal securities law, a plaintiff must at least plead which laws he reasonably believed were violated, and what conduct he reported to the SEC." (*Id.* at 9 (interpreting *Lawrence v. Int'l Bus. Mach. Corp.*, No. 12-8433, 2017 WL 3278917, at *10 (S.D.N.Y. Aug. 1, 2017); and *Cellucci v. O'Leary*, No. 19-2752, 2020 WL 977986, at *10 (S.D.N.Y. Feb. 28, 2020))). The Court clarified, however, that Dodd-Frank retaliation claims are

4

not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (*Id.* at 10–11). The Court also addressed the temporal component of these claims, finding that "under the Supreme Court's precedent in *Digital Realty*, 138 S. Ct. at 775, a plaintiff may only bring a claim for retaliation under the Dodd-Frank Act for retaliatory acts which occurred *after* the plaintiff made reports to the SEC." (*Id.* at 11).

Evaluating Plaintiff's Complaint under those standards, the Court dismissed, *with prejudice*, any Dodd-Frank claims premised on retaliatory acts that Transparent allegedly took against Plaintiff prior to March 10, 2019 (i.e., the date Plaintiff first submitted a complaint to the SEC). (*Id.* at 11–12). The Court dismissed the balance of Plaintiff's Dodd-Frank claims (i.e., those based on post-March 10, 2019, retaliation) *without prejudice*, finding that Plaintiff failed to (i) "reference any specific law he believed Defendants were violating", and (ii) "allege what conduct he provided to the SEC." (*Id.* at 10). More specifically, the Court reasoned: "Without any allegations regarding what securities laws Plaintiff believes Defendants violated and what information Plaintiff provided to the SEC, the Court cannot determine whether Plaintiff 'possess[ed] a reasonable belief that the information' he provided to the SEC 'relates to a possible securities law violation.'" (*Id.* (quoting 17 C.F.R. § 240.21F-2(b)(1)(i)–(ii))).

While the Court recognized that SEC reporting is a necessary component of any Dodd-Frank retaliation claim, it did not, as Plaintiff now appears to argue, interpret *Digital Realty* as obviating his obligation to plead a causal link between his complaints and Transparent's adverse employment actions—i.e., that Transparent knew of Plaintiff's reports to the SEC and retaliated against Plaintiff "because" of them. (Opp. Br. at 10–12). To the contrary, the Court explicitly declined to consider that issue, noting that Defendants had not raised the argument in their original motion to dismiss. (Feb. 8, 2024 Op. at 9, n.3). Defendants *have* raised the notice argument when

5

challenging the sufficiency of Plaintiff's Dodd-Frank Act retaliation claims as pled in the Amended Complaint, arguing that "[i]n the absence of any allegations as to awareness [of Plaintiff's reports to the SEC], and therefore an absence of causation . . . the First Cause of Action should be dismissed with prejudice." (Mov. Br. at 8). While the Court will address Defendants' point herein, it must first determine which type(s) of retaliation Plaintiff has alleged, so that it may conduct its analysis in the proper context.

The Dodd-Frank anti-retaliation provision, 15 U.S.C. § 78u-6(h)(1)(A), contains three subparts, each of which protects a different type of "whistleblower"[2] conduct. The first prohibits employers from retaliating because of an employee's provision of information to the SEC. 15 U.S.C. § 78u-6(h)(1)(A). The other subsections protect whistleblowers who take part in investigations or judicial/administrative actions of the SEC, 15 U.S.C. § 78u-6(h)(1)(A)(ii), and who make disclosures required or protected under the Sarbanes-Oxley Act of 2002 or other laws, rules or regulations subject to the SEC's jurisdiction. 15 U.S.C. § 78u-6(h)(1)(A)(iii). While neither party argues that the second or third subparts are relevant here, the Court examines them in an abundance of caution, as Plaintiff cited generally to the anti-retaliation provision rather than specifying which subpart(s) form the basis of his claims. (Am. Compl. ¶ 80).

15 U.S.C. § 78u-6(h)(1)(A)(ii) is inapplicable on the face of Plaintiff's Amended Complaint, as he does not allege that he participated in any SEC investigations or adjudicatory actions after becoming a whistleblower. (*See generally* Am. Compl.). Plaintiff has likewise not

---

[2] The Dodd-Frank Act defines "whistleblower" as "any individual who provides . . . information relating to a violation of the securities laws to the [SEC], in a manner established, by rule or regulation, by the [SEC]." 15 U.S.C. § 78u-6(a)(6). "In 2011, the SEC promulgated a final rule clarifying the Dodd–Frank Act's whistleblower provision." *Khazin v. TD Ameritrade Holding Corp.*, No. 13-4149, 2014 WL 940703, at *3 (D.N.J. Mar. 11, 2014) (citing 17 C.F.R. § 240.21F–2(b)(1)), *aff'd on other grounds*, 773 F.3d 488 (3d Cir. 2014). That rule provides, in pertinent part, that to qualify as a "whistleblower," a person must "possess a reasonable belief that the information [they] are providing relates to a possible securities law violation." 17 C.F.R. § 240.21F–2(b)(1). Only "whistleblowers" are subject to protection under the statute's anti-retaliation provision. 15 U.S.C. § 78u-6(h)(1)(A).

pled facts suggesting that he was entitled to protection under 15 U.S.C. § 78u-6(h)(1)(A)(iii). In paragraphs 24 through 67 of his Amended Complaint, Plaintiff provides a list of "some examples of the fraud and violations of the law that [he] uncovered while working at [Transparent], and reported to the SEC." (Am. Compl. ¶ 22). Plaintiff's allegations are framed in the context of his SEC reporting, (*see e.g.*, *id.* ¶¶ 22, 74), and, with one exception, Plaintiff does not allege that he made any legally required or protected reports of the type at issue in 15 U.S.C. § 78u-6(h)(1)(A)(iii), let alone that Transparent retaliated against him in response to such reports. (*Id.* ¶¶ 22–78). That lone exception involves Plaintiff's allegation that Transparent removed him as Chief Financial Officer on March 4, 2019, in violation of the Sarbanes-Oxley Act. (*Id.* ¶¶ 61–62). Plaintiff admittedly did not make his first report to the SEC until March 10, 2019, however, (*id.* ¶ 2), and thus he was not a "whistleblower" entitled to protection under 15 U.S.C. § 78u-6(h)(1)(A)(iii) at the time of his alleged demotion. Indeed, the Court has already dismissed all Dodd-Frank claims premised on pre-March 10, 2019 activity *with prejudice*. (Feb. 8, 2024 Op. at 11–12). To the extent Plaintiff ever intended to assert a cause of action under 15 U.S.C. § 78u-6(h)(1)(A)(iii), he has not pled facts sufficient to establish a plausible entitlement to relief on such a claim. The Court will therefore focus its analysis on the first subsection of the Dodd-Frank anti-retaliation provision.

Addressing Defendant's "notice" argument in that context, the Court finds that a plaintiff asserting a claim based on retaliation under 15 U.S.C. § 78u-6(h)(1)(A)(i) must plead that their employer was aware of their protected conduct (i.e., provision of information to the SEC) in advance of its allegedly retaliatory behavior. The Court makes this determination based on the plain language of that statute, 15 U.S.C. § 78u-6(h)(1)(A)(i) (prohibiting employers from taking adverse actions against "a whistleblower in the terms and conditions of employment *because* of

any lawful act done by the whistleblower . . . in providing information to the Commission in accordance with this section") (emphasis added),[3] the well-reasoned, persuasive authority recognizing the "notice" element, *e.g.*, *Cellucci*, 2020 WL 977986 at *10 ("a causal connection is absent in a retaliation case if the decision-maker was unaware of the plaintiff's protected activity at the time the adverse employment action was taken"),[4] and the lack of any compelling authority to the contrary.

Plaintiff relies on select, out-of-context excerpts from the Supreme Court's *Digital Realty* decision when arguing that such notice is unnecessary. (Opp. Br. at 11–12). Plaintiff contends that "*Digital Realty* made it clear that, so long as the person-employee reports to the SEC before the retaliation occurs, he can recover under Dodd-Frank even 'where the retaliating employer is unaware that the employee alerted the SEC.'" (*Id.* at 12 (quoting *Digital Realty*, 138 S. Ct. at 779)). The language Plaintiff cites, however, comes from the Supreme Court's discussion, in dicta,[5] of hypothetical concerns regarding claims brought under 15 U.S.C. § 78u-6(h)(1)(A)(iii), which, as noted above, prohibits employers from retaliating against "whistleblowers" "for 'making disclosures' to various persons and entities, including *but not limited to* the SEC, to the extent those disclosures are 'required or protected under' various laws other than Dodd-Frank." *Digital Realty*, 138 S. Ct. at 779 (quoting 15 U.S.C. § 78u-6(h)(1)(A)(iii)). As the *Digital Realty* Court observed, subsection (iii) "protects a whistleblower who reports misconduct *both* to the SEC and to another entity, but suffers retaliation because of the latter, non-SEC, disclosure." *Id.* While an employee must have reported the conduct at issue to the SEC to become a "whistleblower" and

---

[3] *See Sery v. Fed. Bus. Centers, Inc.*, 365 F. App'x 396, 397 (3d Cir. 2010) ("[W]hen the statutory language is clear and unambiguous, the legislature's intent is best divined by reference to the plain meaning of a statute.")

[4] The parties have not presented any Third Circuit case law bearing on this issue, nor has the Court identified any through its independent research.

[5] The *Digital Realty* Court acknowledged that its discussion of "the situation hypothesized by the Solicitor General . . .veer[ed] far from the case before [it]." 138 S. Ct. at 781.

8

thus fall within the ambit of the Dodd-Frank retaliation provision, the employer's knowledge of the SEC reporting itself is irrelevant in that scenario. Rather, it is the employer's knowledge of and retaliation for the *non-SEC* reporting that is actionable under subsection (iii). That is the rationale for the portion of *Digital Realty* that Plaintiff quotes in his brief and it is inapplicable here given Plaintiff's failure to plead an otherwise cognizable claim for violation of 15 U.S.C. § 78u-6(h)(1)(A)(iii).

### ii. Sufficiency of Plaintiff's Allegations of Retaliation

Having explored the requirements for pleading a Dodd-Frank retaliation claim, the Court must now determine whether Plaintiff's revised factual allegations meet those standards. Defendants argue that Plaintiff's retaliation claim still fails in two respects: (i) Plaintiff has not alleged that Transparent was aware of his SEC reporting before taking action against him; (Mov. Br. at 5–8); and (ii) Plaintiff "still fails to show that he had a 'reasonable belief' as to each alleged fact that he says shows that Defendants had violated a specific law and that Defendants retaliated against him due to his having reported such." (*Id.* at 10). The Court will address each point in turn.

#### a. Transparent's Notice of Plaintiff's SEC Reporting

As discussed in Section II(b)(i), the Court agrees that Plaintiff must allege that Transparent was aware he had provided information to the SEC and that it retaliated against him because of that conduct. Defendants contend that Plaintiff's Amended Complaint is devoid of any such allegations. (*See generally* Mov. Br. at 5–8). Plaintiff does not suggest otherwise, relying instead on his erroneous argument that Transparent's awareness of his SEC reporting is unnecessary under the Supreme Court's decision in *Digital Realty*. (Opp. Br. at 10–12). Having carefully examined the docket however, the Court finds that Plaintiff's Amended Complaint (and, indeed, his original

9

Complaint), does include a single factual allegation regarding Transparent's notice of his SEC complaints. In paragraph 73, Plaintiff alleges: "At some point prior to [Plaintiff's] request to [Transparent] in 2021 to issue him the 950,000 shares, the SEC had contacted [Transparent] about the complaint that [Plaintiff] had made to the SEC. Based upon information provided, [Transparent's] senior leaders believed that [Plaintiff] was the person who complained to the SEC." (Am. Compl. ¶ 73). Neither party has accounted for this allegation in their briefing.

Taking this statement as true, as it must, the Court finds that Plaintiff has adequately pled that Transparent was aware of at least one of his SEC complaints at the time he initiated his request that Transparent issue him certain shares of stock. (*Id.* ¶¶ 72–73). That process allegedly ran from February 3, 2021, through March 18, 2022. (*Id.* ¶¶ 73–77). Plaintiff has not, however, alleged that Transparent had such notice before engaging in any prior retaliatory activity between March 10, 2019, and February 3, 2021. For any prior alleged retaliation, including Transparent's termination of his employment (*id.* ¶ 82), Plaintiff has failed to allege facts establishing the requisite causal link—that Transparent engaged in those actions "because" Plaintiff submitted a complaint to the SEC. 15 U.S.C. § 78u-6(h)(1)(A)(i). The Court must therefore dismiss Plaintiff's Dodd-Frank claims to the extent they are premised on any allegedly retaliatory activity that took place between March 10, 2019, and February 3, 2021. For any claims based on retaliation that occurred on or after February 3, 2021, such claims may proceed to the extent they are otherwise viable.

### b. Allegations Regarding Plaintiff's Whistleblower Status

In previously dismissing the bulk of Plaintiff's Dodd-Frank retaliation claims *without prejudice*, the Court found that Plaintiff had not pled sufficient facts establishing his status as a "whistleblower" under 15 U.S.C. § 78u-6(h)(1)(A) and 17 C.F.R. § 240.21F–2(b)(1). (Feb. 8,

2024 Op. at 11–12) ("Without any allegations regarding what securities laws Plaintiff believes Defendants violated and what information Plaintiff provided to the SEC, the Court cannot determine whether Plaintiff 'possess[ed] a reasonable belief that the information' he provided to the SEC 'relates to a possible securities law violation.'" (quoting 17 C.F.R. § 240.21F-2(b)(1)(i)–(ii))). In his Amended Complaint, Plaintiff added allegations ostensibly intended to address the Court's concerns. For instance, Plaintiff expanded paragraph 22 to include a list of statutes, rules, and regulations that he believed Transparent "possibly violated" by taking the actions he described in paragraphs 24 to 67:

> Pickholz reasonably believed that Defendants possibly violated the following federal securities statutes, rules and/or regulations by, among other things, making false and misleading statements, material omissions, engaging in a scheme or artifice to defraud investors or potential investors, violating statutes and rules regarding transaction-based compensation, and selling unregistered securities, including the following statutes, rules and regulations: Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5(a)-(c); Section 17 of the Securities Act, 15 U.S.C. § 77q(1)-(3); Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1) & (2); Rule 506 of Regulation D, 17 C.F.R. § 230.506(b) and Rule 506(c) of Regulation D, 17 C.F.R. § 230.506(c); and Section 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a) & (c).

(Am. Compl. ¶ 22). Plaintiff now explicitly alleges that he reported *all* of that activity to the SEC. (*Id.* ("The facts set forth below in paragraphs 24 through 67 are just some examples of the fraud and violations of the law that Pickholz uncovered while working at [Transparent], and reported to the SEC.")).[6]

---

[6] Plaintiff also alleged that he produced his actual communications with the SEC to Defendants during the discovery phase. (*Id.* ¶ 23). Plaintiff argues that he has therefore incorporated his actual communications with the SEC into the Amended Complaint by reference. (Opp. Br. at 6 & 9). Plaintiff did not attach those communications to his Amended Complaint and neither side provided them to the Court in the context of Defendants' motion to dismiss. While the parties disagree on whether those communications are now properly before the Court, (*compare id.*, *with* Reply Br. at 10–14), the Court finds that it need not resolve that issue given Plaintiff's allegation that he reported the information set forth in paragraphs 24 to 67 of the Amended Complaint to the SEC.

Defendants contend that Plaintiff's allegations remain insufficient, arguing that he "still fails to tie any of [the acts he reported to the SEC] to any specific violation, thereby making it impossible to determine whether he satisfies the reasonable belief standard as to each." (Mov. Br. at 10). Upon careful consideration, the Court finds that Plaintiff's factual allegations in support of his Dodd-Frank retaliation claims are sufficiently detailed to permit those claims survive Defendants' motion to dismiss. In resolving Defendants' original motion to dismiss, the Court determined that Plaintiff's retaliation claims failed because he did not identify (i) what information he reported to the SEC or (ii) what statutes he believed Defendants violated. (Feb. 8, 2024 Op. at 11–12). Plaintiff has now done both. (Am. Compl. ¶¶ 22–67). He also linked his 43 paragraphs of factual allegations regarding Defendants' activities with the laws in question, providing a summary of why he believed those activities were unlawful. (*Id.* ¶ 22) (summarizing other factual allegations of wrongdoing and listing applicable statutes).

While Defendants are correct that "Plaintiff never 'connects the dots' as to whether the facts pleaded in Paragraphs 24 to 67 satisfy the elements of those laws he cited," (Mov. Br. at 10), they have not identified any authority requiring such specificity at the pleadings stage. To the contrary, as this Court previously observed, Plaintiff "need not prove an actual violation of the federal securities law." (Feb. 8, 2024 Op. at 9). Rather, Plaintiff must "plead which laws he reasonably believe were violated, and what conduct he reported to the SEC." (*Id.* at 9 (first citing *Lawrence*, 2017 WL 3278917, at *10; and then citing *Cellucci*, 2020 WL 977986, at *10)). While Plaintiff's "alleged belief that [Defendants] engaged in unlawful activity must not be wholly untethered to the elements of the law believed to have been violated," *Cellucci*, 2020 WL 977986, at *10, the Court declines to require Plaintiff to plead an element-by-element analysis for each law at issue. It is enough, at this stage, for Plaintiff to allege facts sufficient to render it plausible that

he provided information to the SEC with a "reasonable belief that the information . . . relate[d] to a possible securities law violation.'" *Digital Realty*, 138 S. Ct. at 775. The Court finds that Plaintiff has done so here by identifying numerous examples of Defendants' alleged conduct, as well as his rationale for believing why Defendants' activities ran afoul of several specific securities laws. (Am. Compl. ¶¶ 22–67). Therefore, while Plaintiff's Dodd-Frank claims have been substantially truncated, the Court will permit the remainder (i.e., those claims limited to allegedly retaliatory activities that took place on or after February 3, 2021), to move forward.

Accordingly, to the extent Plaintiff's Dodd-Frank claims are premised on any retaliatory activity that allegedly took place between March 10, 2019, and February 3, 2021, those claims are hereby dismissed. Moreover, the Court observes that Plaintiff has never suggested that Transparent knew of Plaintiff's SEC complaint(s) before taking any actions against him during that period. This is despite Plaintiff having had the opportunity to do so in both versions of his pleading and again when addressing the notice issue in the context of Defendants' motion to dismiss the Amended Complaint. As the Court finds that further amendment on this issue would therefore be futile, it will dismiss these claims *with prejudice*. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (after finding that a plaintiff's allegations fail under Rule 12(b)(6), "the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile" (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000))). Defendants' motion is otherwise denied with respect to Plaintiff's Dodd-Frank claims.

### C. Breach of Contract / Promissory Estoppel Claims

In the original Complaint, Plaintiff asserted breach of contract and promissory estoppel claims premised on the terms of an August 20, 2018 letter from defendant Konanykhin (the

"Employment Letter"). (Compl. ¶¶ 96–106). Specifically, Plaintiff asserted that Transparent promised to pay him a salary, along with certain raises and bonuses, "for at least the first three years of his employment," and to give him certain shares of stock and digital currency. (*Id.*). In resolving Defendants' first motion to dismiss, the Court carefully considered the terms of the Employment Letter and whether they were sufficient to overcome New Jersey law's presumption of at-will employment. (Feb. 8, 2024 Op. at 12–18). The Court ultimately determined that they were not, finding that "Plaintiff ha[d] not sufficiently pled that this employment was for a term of years or was for-cause, and that he [was] entitled to the future salary and benefits provided in the Employment Letter." (*Id.* at 18). Thus, the Court dismissed Plaintiff's breach of contract and promissory estoppel claims, *without prejudice*, "[t]o the extent [they were] premised on his yearly salary, re-signing bonus, and discretionary bonuses and raises." (*Id.*). The Court declined to dismiss the portion of Plaintiff's breach of contract and promissory estoppel claims seeking an award of Transparent stock and Unicoin digital currency. (*Id.* at 18–19).

In his Amended Complaint, Plaintiff once again seeks to recover unpaid salary and bonuses under breach of contract and promissory estoppel theories. (Am. Compl. ¶¶ 89–99). He now contends, however, that Transparent promised him employment and specific compensation for a term of one year, rather than three. (*Id.*). Plaintiff's restated claims are premised on the language of the same Employment Letter he referenced in connection with his original complaint. (*Id.* ¶¶ 93–95, 98–100). The Court has already found that the Employment Letter is insufficient to overcome New Jersey's presumption of at-will employment. (Feb. 8, 2024 Op. at 18). For the same reasons the Employment Letter did not create a three-year term of employment, it did not guarantee Plaintiff's employment for single year either. Plaintiff has not alleged any other facts that might support the portions of his breach of contract or promissory estoppel claims seeking

14

post-termination salary and benefits. (*See generally* Am. Compl.). Nor has he articulated why the Court's prior determinations regarding the Employment Letter, which are now the law of the case, would not dictate this result. (Opp. Br. at 13–14). For substantially the same reasons that this Court expressed in its February 8, 2024 Opinion (Feb. 8, 2024 Op. at 12–18), the Court will therefore dismiss Plaintiff's current breach of contract and promissory estoppel claims to the extent they seek recovery of post-termination salary, bonuses, or raises. Given Plaintiff's failure to plead any additional facts in support of these claims, and his reliance on an already-rejected legal premise (i.e., the term of years argument), it appears that further attempts to amend these claims would be futile. The Court will therefore dismiss them *with prejudice*. *Grayson*, 293 F.3d at 108.

### D.   New Jersey Wage Law Claims

In his initial Complaint, Plaintiff brought a claim under the New Jersey Wage Law seeking recovery of a specific salary (including raises) for three years of employment, as well as bonuses, shares of Transparent stock and 1,000,000 Unicoins. (Compl. ¶¶ 89–92). Those allegations were based on the same Employment Letter discussed in Section II(C), above. (*Id.*). The Court previously dismissed Plaintiff's New Jersey Wage Law claim without prejudice. (Feb. 8, 2024 Op. at 21–23). With regard to Plaintiff's claim for post-termination pay, the Court found that he "may not bring a claim under the New Jersey Wage Payment Law for future salary." (Feb. 8, 2024 Op. at 22–23 (citing *Sud v. Ness USA*, No. 21-12330, 2022 WL 1963711, at *4 (D.N.J. June 6, 2022))). The Court likewise rejected Plaintiff's claim for the future bonuses and shares of Transparent stock described in the Employment Letter, finding that he had "not sufficiently alleged that [they were] calculated in such a way as to constitute 'wages' as opposed to supplementary incentives and bonuses under [the New Jersey Wage Law]." (*Id.* at 23).

While Plaintiff has reasserted his New Jersey Wage Law claims in his Amended Complaint, his factual allegations remain largely unchanged. (*Compare* Compl. ¶¶ 88–92, *with* Am. Compl. ¶¶ 85–89). He still seeks to recover the salary, bonuses, and stock described in the Employment Letter, as well as Unicoins associated with Transparent stock ownership. (Am. Compl. ¶¶ 86–88). As with his breach of contract and promissory estoppel claims, however, Plaintiff has narrowed his request, now seeking benefits for one full year of employment rather than three. (*Id.*). He has also added conclusory language alleging that he "earned" a full year's salary and an associated bonus during his time with Transparent (*id.*), and that Transparent failed to provide him with 500,000 shares of stock (and related Unicoins) that he "earned" immediately upon starting his employment. (*Id.* ¶ 88). He has not provided any factual allegations addressing *how* he earned those benefits while working for Transparent. The Court has already found nearly identical allegations insufficient when evaluating Plaintiff's original Complaint. (Feb. 8, 2024 Op. at 22–23). Plaintiff's addition of conclusory allegations that he "earned" a full year's salary and other benefits does not change the Court's analysis. (Am. Compl. ¶ 86–88). Similarly, Plaintiff has made no effort, in either his Amended Complaint or his opposition to Defendants' motion, to address the Court's prior determination that he failed to sufficiently allege that the bonus and stock benefits he seeks were "calculated in such a way as to constitute 'wages'" under the New Jersey Wage Law. (Feb. 8, 2024 Op. at 23). Plaintiff's restated New Jersey Wage Law claims therefore fail for the same reasons that the Court articulated in its February 8, 2024 Opinion. (*Id.* at 21–23). Given Plaintiff's failure to make any legitimate effort to address the deficiencies the Court identified in that Opinion, the Court finds that it would be futile to give Plaintiff another opportunity to amend. The Court will therefore dismiss Plaintiff's claims under the New Jersey Wage Law *with prejudice*. *Grayson*, 293 F.3d at 108.

### III. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss certain portions of Plaintiff's Amended Complaint (D.E. No. 51), is **GRANTED IN-PART AND DENIED IN-PART**. Plaintiff's Dodd-Frank retaliation claims premised on adverse employment actions that occurred between March 10, 2019, and February 3, 2021, are **DISMISSED** *with prejudice*. Plaintiff's claims for breach of contract and promissory estoppel premised on his yearly salary, re-signing bonus, and discretionary bonuses and raises, as well as Plaintiff's claims pursuant to the New Jersey Wage Payment Law, are likewise **DISMISSED** *with prejudice*. Defendants' Motion is otherwise **DENIED**. An appropriate Order accompanies this Opinion.

Dated: June, 26, 2025

s/ Esther Salas<br>
**Esther Salas, U.S.D.J.**